NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NAJMA IBN TALAL,

       *Plaintiff*,

   v.

THE CITY OF ELIZABETH,

       *Defendant*.

Civil Action No. 22-4408

**OPINION & ORDER**

**Evelyn Padin, U.S.D.J.**

Plaintiff Najma Ibn Talal seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 5.  For the reasons discussed below, the Court **GRANTS** her application to proceed *in forma pauperis* but **DISMISSES** her relevant complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  When considering dismissal under Section

1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes her pleading liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff initiated this action via the filing of her original complaint on or about June 16, 2022. D.E. 1. Shortly thereafter, on or about June 21, 2022, and without any Court action being

taken in response to the filing of her original complaint, Plaintiff amended her pleading, *sua sponte*, via the filing of a Second Amended Complaint.  D.E. 2.  This is accordingly the pertinent pleading for purposes of the Court's current screening.

The lone defendant identified in Plaintiff's complaint is the City of Elizabeth.  *Id.* at 4.  Plaintiff, in that pleading, avers that her "entire constitutional rights have been violated."  *Id.* at 2.  She does not, however, cite to any specific constitutional provision or particular right.  And while it appears that Plaintiff is therefore ultimately attempting to assert a claim or claims under 42 U.S.C. § 1983, there is nothing else in her pleading that clarifies this ambiguity.  Plaintiff's complaint is similarly bereft of factual allegations that specifically implicate the City of Elizabeth with respect to the purported violations of her constitutional rights.  She states that "[w]hat happened in Elizabeth, NJ caused me to no longer want to be an American Citizen."  *Id.* at 5.  Plaintiff vaguely alludes to being poisoned and hospitalized for three months, but fails to, in any way, explain how the City of Elizabeth is directly responsible for those incidents.  *Id.* at 6.  Plaintiff also claims that "[t]he [C]ity of [E]lizabeth involved [her] own family members against [her] . . . They violated my [h]uman rights and my constitutional rights.  They did not want my daughter in their schools, they did not want me in [their] city, [and] they created a number of ploys to make me look like someone [I] am not."  *Id.*  Plaintiff does not provide any additional factual information in her pleading which supports these allegations.  Plaintiff's Second Amended Complaint therefore does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp.*, 550 U.S. at 570, and will accordingly be dismissed, in its entirety, at the screening stage.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).  The

district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile.  *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).  At this point, the Court cannot conclude that Plaintiff's claims against the City of Elizabeth are entirely futile.  Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.  If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, she must set forth the basis for her claim and provide plausible factual allegations to support her claim.  If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice.  A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against the present Defendant, City of Elizabeth, concerning the allegations in her pertinent pleading.

Accordingly, and for good cause shown,

IT IS on this 15th day of August, 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Najma Ibn Talal's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file her complaint (at D.E. 2) without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's complaint is dismissed in its entirety; and it is further

**ORDERED** that said dismissal is without prejudice; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above, failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion & Order to Plaintiff by regular mail and by certified mail/RRR.

_____

Evelyn Padin, U.S.D.J.